**In re Randall Lee BISHOP, Susan Kay Bishop, Debtors.**

**Bankruptcy No. 89–02263–B13.**
**Claim No. 16.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

April 20, 1990.

John C. Maxwell, St. Charles, Mo., for debtors.

Carolyn C. Whittington, Clayton, Mo., for Community Federal Sav. & Loan Ass'n.

John V. LaBarge, Jr., Kirkwood, Mo., trustee.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

## INTRODUCTION

On November 28, 1989, trustee John V. LaBarge (hereinafter the "Trustee") filed his Motion to Clarify, Allow & Pay Claims (hereinafter the "Motion"), in which he objects to the payment of post-petition interest on a home loan arrearage owed to Community Federal Savings and Loan Association (hereinafter "Community Federal"). Community Federal, holder of a first deed of trust on the principal residence of Randall and Susan Bishop (hereinafter the "Debtors"), opposes the Motion, claiming that it is entitled to post-petition interest on the pre-petition arrearage at the original rate on which the parties agreed, until the arrearage is satisfied.

## JURISDICTION

This Court has jurisdiction over the subject matter of the proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(O).

## FACTS

On February 17, 1978, the Debtors and Community Federal executed a note and first deed of trust covering the Debtors' principal residence, all fixtures and improvements, and certain described personal property. The documents represent a loan of $39,700.00 made to the Debtors, payable in monthly installments at an interest rate of nine percent (9%) per annum. The note further provided that if the Debtors defaulted in the payment of any of the debt when due, interest on the unpaid balance of the debt would accrue at the rate of ten percent (10%) during the period of delinquency.

On May 30, 1989, the Debtors filed a petition under Chapter 13 of the Bankruptcy Code. At the time of the filing the Debtors had failed to make timely payments of principal and interest for the months of March through May, 1989, for a total of $1,588.89. At the time the Debtors filed their petition they had satisfied $35,729.13 of the debt owed Community Federal. The parties have stipulated that Community Federal is an oversecured creditor.

The Debtors submitted a plan proposing that post-petition payments on their principal residence be made outside the plan, beginning with the first monthly payment due after filing. The Debtors further agreed to pay through the trustee one hundred percent (100%) of all proven arrearage claims within twenty-four (24) months. On June 22, 1989, Community Federal filed its proof of claim, asking for payment of $1,588.89 in pre-petition arrearage at the contract rate of nine percent (9%) interest on all deferred payments. On August 17, 1989 the Debtors' plan was confirmed without objection by either the Debtors or the Trustee regarding Community Federal's claim. Subsequently, the Trustee filed his Motion, in which he failed to include pay-

ment of post-petition interest to Community Federal on its claim.

The Trustee contends that because the arrearage is composed of interest, foreclosure costs, attorneys fees, and principal, awarding interest on this sum would grant the creditor a windfall unavailable anywhere other than the bankruptcy forum. The Trustee also argues that if interest is awarded, it should be on only that portion of the arrearage constituting principal. Finally, the Trustee asks that any interest awarded be at the rate of ten percent (10%) per annum, which thereafter should serve as a uniform rate for all similarly situated claimants in future cases.

Community Federal first claims that the plain language of section 506(b) of the Bankruptcy Code entitles it to interest on the pre-petition arrearage. Second, it urges that the Trustee convert the deferred arrearage payments to an equivalent capital sum as of the effective date of the Debtors' plan, on which Community Federal would receive interest payments. *See In re Catlin*, 81 B.R. 522, 526 (Bankr.D.Minn. 1987). Finally, relying on *In re Spader*, 66 B.R. 618, 624 (Bankr.W.D.Mo.1986), Community Federal proposes that the rate of interest should be the lesser of the contract rate or the market rate. Thus, this Court is presented with the following three issues:

1. Whether a creditor may receive post-petition interest on its pre-petition arrearage?

2. Whether the interest received, if any, is only on that amount of the arrearage which constitutes principal?

3. What rate of interest should apply to any payments made?

## DISCUSSION

■ Section 506(b) of the Bankruptcy Code provides in pertinent part:

To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

Thus, an oversecured creditor may receive interest and other costs as contemplated by the parties' agreement. Because Community Federal is an oversecured creditor, the plain language of section 506 entitles it to interest on its pre-petition arrearage.

■ The second issue is whether interest is earned only on that amount of arrearage constituting principal. The Trustee submits that because the promissory note provides for payment of interest on nothing other than principal, Community Federal is entitled to interest only on that portion of the arrearage constituting principal. Such a result, the Trustee argues, gives Community Federal no more than that for which it bargained by the terms of the original promissory note. This Court, however, does not believe that such a reading of the statute is correct. The plain language of the statute merely states that an oversecured creditor is always entitled to interest on its claim, and may be entitled to those expenses for which the agreement provided. "Claim" is defined in section 101(4) of the Bankruptcy Code as a right to payment without distinction between the type of obligation (e.g. principal, interest, late charges, etc.) which gives rise to the right to payment. Thus, Community Federal may receive interest on the entire amount of its pre-petition arrearage.

Subsequent to submission of this matter, the parties advised the Court that should the Court rule in favor of Community Federal, as it has, the parties would withdraw that portion of their submission pertaining to determination of the appropriate interest rate. Accordingly, it is

ORDERED that Community Federal shall receive interest on the Debtors' arrearage and the Trustee's Motion is DENIED.